1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CHRISTOPHER WHITE,

               Plaintiff,

    v.

LOS ANGELES COUNTY et al.,

               Defendants.

Case No. 2:22-cv-00109-JAK (MAA)

**MEMORANDUM DECISION AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**

## I.    INTRODUCTION

      On January 5, 2022, Plaintiff Christopher White ("Plaintiff"), proceeding *pro se*, filed a Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983").  (Compl., ECF No. 1.)  That same day, Plaintiff also filed a Request to Proceed *In Forma Pauperis* (ECF No. 2), which the Court granted on January 12, 2022 (ECF No. 5).  On March 3, 2022, the Court screened and dismissed the Complaint with leave to amend ("Order Dismissing Complaint").  (Order Dismiss. Compl., ECF No. 8.)  On May 11, 2022, Plaintiff filed a First Amended Complaint ("FAC").  (FAC, ECF No. 11.)

      The Court has screened the FAC as prescribed by 28 U.S.C. § 1915(e)(2)(B).  For the reasons stated below, the FAC is **DISMISSED WITH**

**LEAVE TO AMEND**.  As discussed in Section V of this Order *infra*, Plaintiff must file a response to this Order, electing to proceed with one of three options, no later than **June 27, 2022**.

## II.   SUMMARY OF ALLEGATIONS AND CLAIMS[1]

The FAC is filed against:  (1) County of Los Angeles; (2) Kristan Kozelchik, Deputy Sheriff; (3) Heidi Slattery, Sheriff's Department Supervising Clerk; and (4) Does 1–8,[2] sheriff deputies (each, a "Defendant," and collectively, "Defendants").  (FAC 3–4.)[3]  All Defendants are sued in their official capacities, except Kozelchik, whose capacity is unspecified.  (*Id*.)  Deputies Watts, Kozelchik, Slattery and Does 1–8 are referred to collectively as the "Individual Defendants."

On or about August 1, 2016, Plaintiff arrived at the Sheriff's office at the Stanley Mosk Courthouse and requested service of process.  (*Id*. at 5.)  Plaintiff spoke to John Doe window clerk, who refused Plaintiff service.  (*Id*.)  Plaintiff requested to speak with John Doe's supervisor.  (*Id*.)  John Doe reappeared with Slattery, who also refused to provide Plaintiff with service.  (*Id*.)  When Plaintiff objected to the treatment, Slattery called for sheriff deputies.  (*Id*.)

Seven sheriff deputies arrived and surrounded Plaintiff.  (*Id*.)  Deputy Kozelchik ordered Plaintiff to show his hands.  (*Id*.)  Plaintiff asked "what was going on," said that he was disabled, and said that he had proof of his disability in his backpack.  (*Id*. at 6.)  The deputies forced Plaintiff into the elevator and surrounded him in the elevator, causing him to fearful for his life and safety.  (*Id*.)

---

[1] The Court summarizes the allegations in the FAC, without opining on their merit or making any findings of fact.

[2] Although the caption of the FAC names "Does 1–10," the FAC names "Does 1–8" under "Parties."  *Compare* FAC 1 *with id*. at 4.

[3] Pinpoint citations of docketed documents are to the page numbers in the CM/ECF-generated headers.

1 │ The deputies took Plaintiff to the court exit, forced him to leave, and told him not to
2 │ come back.  (*Id*.)

3 │      Plaintiff asserts violation of his rights against racial discrimination under the
4 │ Fourteenth Amendment, his due process rights under the Fourth Amendment, and
5 │ the Americans with Disabilities Act ("ADA").  (*Id*. at 7–8.)

6 │

7 │ **III.   STANDARD OF REVIEW**

8 │      Federal courts must conduct a preliminary screening of any case in which a
9 │ plaintiff proceeds *in forma pauperis* and dismiss any claims that are are frivolous,
10 │ malicious, or fail to state a claim upon which relief can be granted.  28 U.S.C.
11 │ § 1915(e)(2)(B).  "The standard for determining whether a plaintiff has failed to
12 │ state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same
13 │ as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a
14 │ claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Dismissal is
15 │ proper only where a complaint fails to "contain sufficient factual matter, accepted
16 │ as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*,
17 │ 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
18 │ (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content
19 │ that allows the court to draw the reasonable inference that the defendant is liable for
20 │ the misconduct alleged."  *Id*.  In making this determination, courts accept as true the
21 │ factual allegations contained in the complaint and view all inferences in a light most
22 │ favorable to the plaintiff.  *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017).
23 │ "The court need not, however, accept as true allegations that contradict matters
24 │ properly subject to judicial notice or by exhibit.  Nor is the court required to accept
25 │ as true allegations that are merely conclusory, unwarranted deductions of fact, or
26 │ unreasonable inferences."  *Hartman v. Gilead Scis., Inc. (In re Gilead Scis. Sec.*
27 │ *Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State*
28 │ *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).  Where a plaintiff is appearing *pro se*,

particularly in civil rights cases, courts should construe pleadings liberally and afford the plaintiff any benefit of the doubt.  *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

## IV.   DISCUSSION

### A.   The Lawsuit Potentially May Be Time-Barred.

As the Court previously stated in the Order Dismissing Complaint, this lawsuit potentially may be time-barred.  (*See* Order Dismiss. Compl. 6–9.)  On May 10, 2022, Plaintiff filed "Objections to the Report and Recommendation," asserting that the statutes of limitations in this case were tolled while Plaintiff sought mental healthcare, due to his hospitalizations, and due to the nationwide shutdown resulting from the COVID-19 pandemic.  (ECF No. 12, at 3.)  The Objections are premature, as the Court has neither formed a conclusion regarding whether the statutes of limitations have lapsed, nor filed a Report and Recommendation to the District Court regarding same.  If and when the Court files a Report and Recommendation to the District Court analyzing the statute of limitations as applied to this action, Plaintiff may file Objections at that time.

### B.   The Section 1983 Claims Appear to Be Deficient.

"Title 42 U.S.C. § 1983 provides a cause of action against '[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ."  *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (alterations in original) (quoting 42 U.S.C. § 1983).  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  "The purpose of §1983 is to deter state actors from using the badge of their authority to deprive

4

individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt*, 504 U.S. at 161.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 1.   The Official Capacity Claims Appear to Be Deficient.

With the exception of Deputy Kozelchik (whose capacity is unspecified), Plaintiff purports to sue each Defendant in his/her/their official capacity.  Such official capacity claims—along with the claims against the real party in interest, Los Angeles County—appear to be deficient.

Suing a person in his or her official capacity is simply another way of suing the entity for which the person is an agent.  *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).  In other words, suing Los Angeles County employees and Deputies (both named and as Doe Defendants) in their official capacities is equivalent to suing Los Angeles County.  *See Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1250 (9th Cir. 2016) (treating claims against county sheriff sued in official capacity as claims against county).

Local governments and municipalities—such as Los Angeles County—can be liable under Section 1983 only where a plaintiff's "injury was inflicted pursuant to the local government's policy, regulation, custom, or usage." *Chew v. Gates*, 27 F.3d 1432, 1444 (9th Cir. 1994) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978)).  The local government policy "need only cause a constitutional violation; it need not be unconstitutional per se." *Jackson v. Gates*, 975 F.2d 648, 654 (9th Cir. 1992).  Local government policy "'causes' an injury where it is the 'moving force' behind the constitutional violation, or where 'the [local government] itself is the wrongdoer.'" *Chew*, 27 F.3d at 1444 (internal citations omitted).  There must be a "direct causal link between a municipal policy

or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).  "[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or in other words, a municipality cannot be held liable under Section 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691.

The FAC does not identify any Los Angeles County policy, regulation, or custom that purportedly caused Plaintiff's injuries.  Rather, the FAC alleges discrete acts by individual employees of Los Angeles County.  (*See generally* FAC.)  As Los Angeles County cannot be liable under Section 1983 on a *respondeat superior* theory, *see Monell*, 436 U.S. at 691, the FAC does not state any Section 1983 claims against Los Angeles County (including any claims against the Individual Defendants in their official capacities).  The Court previously advised Plaintiff of this deficiency in his official capacity claims.  (*See* Order Dismiss. Compl. 11–12.) If Plaintiff files an amended complaint with claims against any individual defendants in their official capacities or Los Angeles County, he must correct this deficiency or risk dismissal of such Defendants.

2.   The Claims Against Defendants in Their Individual Capacities Appear to Be Deficient.

The FAC does not assert any claims against any of the Individual Defendants in their individual capacities.  Mindful of the liberal pleading standards afforded *pro se* civil rights plaintiffs, the Court examines whether the FAC states a Section 1983 claim against any of the Individual Defendants in their individual capacities, and concludes that it does not.

a.   *Fourteenth Amendment - Equal Protection*

"The Equal Protection Clause of the Fourteenth Amendment provides that '[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws.'" *Angelotti Chiropractic v. Baker*, 791 F.3d 1075, 1085 (9th Cir. 2015) (alteration in original) (quoting U.S. Const. amend. XIV, § 1).  "The Equal

6

1  Protection Clause requires the State to treat all similarly situated people equally."

2  *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013).  A

3  plaintiff can state an equal protection claim: (1) by alleging "facts plausibly showing

4  that 'the defendants acted with an intent or purpose to discriminate against [them]

5  based upon membership in a protected class," *id.* (alteration in original) (quoting

6  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)); or (2) as a

7  "class of one" by alleging that plaintiff has "been intentionally treated differently

8  from others similarly situated and that there is no rational basis for the treatment,"

9  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

10      The FAC alleges that Plaintiff's protected federal rights against racial

11  discrimination were violated.  (FAC 7.)  Race is a suspect distinction for equal

12  protection purposes.  *See New Orleans v. Dukes*, 427 U.S. 297, 303 (1976).

13  However, the FAC fails to state Plaintiff's race, fails to specify which Defendant(s)

14  purportedly violated these rights, and fails to include any allegations from which it

15  reasonably could be inferred that any Defendant acted with an intent or purpose to

16  discriminate against Plaintiff *because of* his race.  *See Serrano v. Francis*, 345 F.3d

17  1071, 1082 (9th Cir. 2003) ("Intentional discrimination means that a defendant

18  acted at least in part *because of* a plaintiff's protected status.") (quoting *Maynard v.*

19  *City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994)).  The conclusory allegation

20  that individuals were biased or prejudiced against Plaintiff because of his race is

21  insufficient to support a Section 1983 claim.  *See Jones v. Cmty. Redev. Agency*,

22  733 F.2d 646, 649 (9th Cir. 1984) (holding insufficient to support a § 1983 claim

23  bare allegations of discrimination against African-Americans "unsupported by any

24  facts as to how race entered into any decisions").  Finally, the FAC does not allege

25  any facts to support the conclusion that any Defendant intentionally treated Plaintiff

26  differently from others similarly situated without any rational basis for the

27  treatment.  *See Village of Willowbrook*, 528 U.S. at 564.  Thus, Plaintiff's

28  Fourteenth Amendment equal protection claim appears to be deficient.

1   The Court previously advised Plaintiff of these deficiencies in his equal

2   protection claim.  (*See* Order Dismiss. Compl. 13–14.)  If Plaintiff files an amended

3   complaint with a Fourteenth Amendment equal protection claim, he must correct

4   these deficiencies or risk dismissal of this claim.

5                  b.      *First and Fourteenth Amendments – Access to Courts*

6         The FAC asserts that Plaintiff's First Amendment and Fourteenth

7   Amendment due process rights were violated, but fails to specify the rights at issue.

8   (*See* FAC 5, 7.)  Mindful of the liberal pleading standards afforded *pro se* civil

9   rights plaintiffs, the Court construes Plaintiff's First Amendment and Fourteenth

10  Amendment due process claims as asserting violations of the right to access courts.

11        The right of access to courts is protected by the First Amendment right to

12  petition and the Fourteenth Amendment right to substantive due process.  *Silva v.*

13  *Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011).  "[T]he right of access to the

14  courts is a fundamental right protected by the Constitution."  *Ringgold-Lockhart v.*

15  *County of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (alteration in original)

16  (quoting *Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998)).  "Access to courts

17  does not only protect one's right to physically enter the courthouse halls, but also

18  insures that the access to courts will be 'adequate, effective and meaningful.'"

19  *Swekel v. City of River Rouge*, 119 F.3d 1259, 1262 (6th Cir. 1997) (quoting

20  *Bounds v. Smith*, 430 U.S. 817, 822 (1977)).

21        Claims for denial of access to courts may arise from either the frustration of

22  "a litigating opportunity yet to be gained" (a forward-looking claim), or from "an

23  opportunity already lost" (a backward-looking claim).  *Christopher v. Harbury*, 536

24  U.S. 403, 413–14 (2002).  In either case, "the very point of recognizing any access

25  claim is to provide some effective vindication for a separate and distinct right to

26  seek judicial relief for some wrong."  *Id*. at 414–15.  "[T]he right is ancillary to the

27  underlying claim, without which a plaintiff cannot have suffered injury by being

28  shut out of court."  *Id*. at 415.  Thus, in any access-to-courts claim, a plaintiff must

8

allege: (1) a "nonfrivolous," "arguable" underlying claim, pled "in accordance with [Rule] 8(a), just as if it were being independently pursued"; (2) the official acts that frustrated the litigation of that underlying claim; and (3) a plain statement describing the "remedy available under the access claim and presently unique to it." *Id*. at 415–18.

Here, the FAC does not articulate a nonfrivolous, arguable legal claim that Plaintiff was frustrated from bringing. Thus, Plaintiff's access-to-courts claim appears to be deficient. The Court previously advised Plaintiff of these deficiencies in his access-to-courts claim, which in the Complaint Plaintiff asserted solely under the First Amendment. (*See* Order Dismiss. Compl. 12–13.) If Plaintiff files an amended complaint with an access-to-courts claim, he must correct these deficiencies or risk dismissal of this claim.

**C.     The ADA Claim Appears to Be Deficient.**

"The ADA was enacted 'to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities' and 'to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities.'" *Updike v. Multnomah County*, 870 F.3d 939, 949 (9th Cir. 2017) (quoting 42 U.S.C. § 12101(b)(1) & (2)). Title II of the ADA provides that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Id*. (quoting 42 U.S.C. § 12132).

To state a claim for violation of Title II of the ADA, a plaintiff must allege that: (1) the plaintiff was disabled within the meaning of the statute; (2) the plaintiff otherwise is qualified to participate in or receive the entity's services, programs, or activities; (3) the plaintiff was denied the services, programs, or activities, or otherwise discriminated against, because of his or her disability; and

(4) the entity was a public entity.  *See Estate of Martin v. Cal. VA*, 560 F.3d 1042, 1047 (9th Cir. 2009).  To recover monetary damages under the ADA, "plaintiffs must prove a *mens rea* of 'intentional discrimination,'" which can be satisfied not only by a showing of "discriminatory animus," but also by showing of "deliberate indifference."  *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016) (quoting *Mark H. v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008)).  "Deliberate indifference requires both [1] knowledge that a harm to a federally protected right is substantially likely, and [2] a failure to act upon that the likelihood."  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001).

Plaintiff's ADA claim appears to be defective for three reasons.  *First,* it does not appear that the FAC alleges sufficient facts from which it can be inferred that Plaintiff is a qualified individual with a disability and therefore protected by the ADA.  *See, e.g., Patterson v. Vill. Care*, No.: 19-cv-0302-AJB-AGS, 2019 U.S. Dist. LEXIS 79660, at *5 (S.D. Cal. May 10, 2019) (Plaintiff "alleges generally she has a disability, but fails to plead sufficient facts to establish she is a 'qualified individual with a disability' protected under the ADA").  *Second*, there are no allegations from which it reasonably could be inferred that Plaintiff was denied services, programs, or otherwise discriminated against *because of* his disability.  *See Does 1–5 v. Chandler*, 83 F.3d 1150, 1155 (9th Cir. 1996) (concluding that challenged act did not deny benefits "based on disability").  *Third*, there are no facts to suggest that any Defendant had the requisite *mens rea* of "intentional discrimination."  (*See generally* Compl.)  For these reasons, it does not appear that the FAC alleges an ADA claim.

The Court previously advised Plaintiff of these deficiencies in his ADA claim.  (*See* Order Dismiss. Compl. 14–16.)  If Plaintiff includes an ADA claim in any amended complaint, he must correct these deficiencies or risk dismissal of such claim.

///

1  **V.    CONCLUSION**

2          For the reasons stated in this Order, it appears that the FAC does not state any

3  claims.  Plaintiff is advised that the undersigned Magistrate Judge's determination

4  herein that the allegations in the FAC appear insufficient to state a particular claim

5  should not be seen as dispositive of the claim.  Accordingly, although the

6  undersigned Magistrate Judge believes Plaintiff may have failed to plead sufficient

7  factual matter in the pleading, accepted as true, to state a claim for relief that is

8  plausible on its face, Plaintiff is not required to omit any claim or Defendant in order

9  to pursue this action.  However, if Plaintiff decides to pursue a claim in an amended

10  complaint that the undersigned Magistrate Judge previously found as likely to be

11  insufficient, then pursuant to 28 U.S.C. § 636, the undersigned Magistrate Judge

12  ultimately may submit to the assigned District Judge a recommendation that such

13  claim may be dismissed with prejudice for failure to state a claim, subject to

14  Plaintiff's right at that time to file objections.  *See* Fed. R. Civ. P. 72(b); C.D. Cal.

15  L.R. 72-3.

16          On this basis, the Court **DISMISSES** the FAC with leave to amend.  Plaintiff

17  is **ORDERED** to file a response to this Order, electing to proceed with one of the

18  following options, by no later than **June 30, 2022**.

19          **A.    Option 1: File a Second Amended Complaint**

20          Plaintiff may file a signed Second Amended Complaint ("SAC") that cures

21  the defects discussed in this Order.  Plaintiff is cautioned that if he continues to raise

22  allegations in any amended complaint that fail to state a claim upon which relief can

23  be granted, the Court may not order that the complaint be served on Defendants, but

24  instead may recommend to the District Judge that the deficient claims, which

25  currently appear to include the entire FAC, be dismissed without further leave to

26  amend.

27          Plaintiff is reminded to provide a short, plain statement of what happened,

28  identify his claims against each defendant, and clearly describe each defendant's

wrongful conduct.  Plaintiff should clearly identify each defendant being sued and the capacity in which Plaintiff is suing each defendant.  Plaintiff should state specific facts meeting the legal standard for each claim he is bringing.  **Plaintiff is encouraged to use the attached Central District civil rights complaint form when filing the SAC.**

Plaintiff is advised that an amended complaint supersedes the original Complaint.  This means that the filing of a SAC entirely supplants or replaces the original or any prior complaint, which is treated thereafter as nonexistent.  Thus, the SAC must be complete in itself including exhibits, without reference to the FAC. *See* C.D. Cal. L.R. 15-2.  Plaintiff must name all defendants and allege claims against each of them in one complaint.  Therefore, the SAC, if Plaintiff chooses to file one, must contain all claims Plaintiff intends to bring in this action against all defendants he intends to sue.  Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the FAC.

**B.     Option 2: Proceed with the FAC**

Plaintiff may proceed with the FAC in its current form.  To do so, Plaintiff must file a statement with the Court stating that he wishes to select Option 2 and proceed on the FAC, despite the potential infirmities described in this Order. Plaintiff is cautioned that, for the reasons detailed in this Order, the Court believes that the entire FAC appears to be insufficiently pled.  If Plaintiff selects Option 2, it will be viewed by the Court as the inability to cure the defects identified in this Order.  As such, the Court likely will recommend dismissal with prejudice of this lawsuit to the District Judge.  Dismissal with prejudice means that Plaintiff will be given no further opportunities to amend, this case will be closed, and Plaintiff will not be able to assert this same claim in a new case.

**C.     Option C: Voluntary Dismissal**

Plaintiff is not required to file an amended complaint.  If Plaintiff no longer wishes to pursue this action in its entirety or with respect to particular Defendants,

he voluntarily may dismiss this action or particular Defendants by filing a Notice of Dismissal in accordance with Rule 41(a)(1).  (A Notice of Voluntary Dismissal form is attached.)

**Plaintiff is cautioned that failure to respond to this Order may result in a recommendation that this lawsuit be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**  *See* **C.D. Cal. L.R. 41-1.**

**IT IS SO ORDERED.**

DATED: May 31, 2022

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

Attachments
Form Civil Rights Complaint (CV-66)
Form Notice of Dismissal